Yubo Li, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Email: yli@hanglaw.com
*Attorneys for Plaintiffs and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| Ruijuan Zhang and Dongsuo Xue, individually and on behalf of all other employees similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> United Plastics Group Inc, Chih Ming Wong a/k/a Zhiming Huang, "John" Zheng (first name unknown), and "John" Huang (first name unknown), <br><br> Defendants. | Case No. 3:25-cv-01926 <br><br> **29 U.S.C. § 216 (b)** <br> **COLLECTIVE ACTION** <br><br> **COMPLAINT AND JURY** <br> **TRIAL DEMAND** |

Plaintiffs Ruijuan Zhang and Dongsuo Xue (collectively "Plaintiffs"), on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this complaint against the Defendants United Plastics Group Inc, Chih Ming Wong a/k/a Zhiming Huang, "John" Zheng (first name unknown), and "John" Huang (first name unknown), (collectively "Defendants"), allege and show the Court the following:

**INTRODUCTION**

1. This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A.§34:11-56 et seq. ("NJWHL" hereinafter), arising from Defendants' various willful and unlawful employment policies, patterns

and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, minimum wage compensation for all hours worked and overtime compensation for all hours worked over forty (40) each week.

3.      Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) compensation for failure to pay minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.      Plaintiffs further allege pursuant to NJWHL, that they are entitled to recover from the Defendants: (1) compensation for failure to pay minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

### *Plaintiff Ruijuan Zhang*

7.      Plaintiff Ruijuan Zhang (hereinafter "Plaintiff Zhang") is identified in the caption

of the Complaint and has given her written consent to be party plaintiff in this action pursuant to 29 U.S.C. § 216(b).

8.      Plaintiff Zhang, while employed by Defendants, has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 203(e)(1) and the New Jersey Wage and Hour Law, N.J.S.A.§34:11-56 et seq. ("NJWHL").

9.      Plaintiff Zhang is a non-exempt employee entitled under Section 7(a) of the FLSA and NJWHL to overtime equal to time and one-half her regular rate of pay for all hours worked over forty (40) in a workweek.

10.     Plaintiff Zhang is a resident of Ohio State and was employed as a production worker from May 2, 2023, to September 1, 2024, by Defendants' business located at 30 Commerce Drive, Somerset, NJ 08873.

***Plaintiff Dongsuo Xue***

11.     Plaintiff Dongsuo Xue (hereinafter "Plaintiff Xue") is identified in the caption of the Complaint and has given his written consent to be party plaintiff in this action pursuant to 29 U.S.C. § 216(b).

12.     Plaintiff Xue, while employed by Defendants, has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 203(e)(1) and the New Jersey Wage and Hour Law, N.J.S.A.§34:11-56 et seq. ("NJWHL").

13.     Plaintiff Xue is a non-exempt employee entitled under Section 7(a) of the FLSA and NJWHL to overtime equal to time and one-half his regular rate of pay for all hours worked over forty (40) in a workweek.

14.     Plaintiff Xue is a resident of Ohio State and was employed as a forklift operator from May 2, 2023, to February 10, 2024, by Defendants' business located at 30 Commerce Drive,

Somerset, NJ 08873.

## DEFENDANTS

### Corporate Defendant

15.     Upon information and belief, Defendant United Plastics Group Inc is a domestic for-profit corporation organized under the laws of the State of New Jersey with a principal address at 30 Commerce Drive, Somerset, NJ 08873.

16.     Defendant United Plastics Group Inc has gross sales of $6,999,000 in 2024, in excess of Five Hundred Thousand Dollars ($500,000) per year.

17.     Upon information and belief, Defendant United Plastics Group Inc purchased and handled goods moved in interstate commerce.

### Owner/Operator Defendants

18.     Upon information and belief, Defendant Chih Ming Wong a/k/a Zhiming Huang (hereinafter "Defendant Chih Ming Wong") is the owner, chief executive officer, shareholder, and managing agent of Defendant United Plastics Group Inc, and participated in the day-to-day operations of Defendant United Plastics Group Inc.

19.     Upon information and belief, Defendant Chih Ming Wong hired Plaintiffs and determined Plaintiffs' salary rates. During Plaintiffs' employment with Defendants, Defendant Chih Ming Wong supervised them, and handled Plaintiffs' payrolls.

20.     Thus, Defendant Chih Ming Wong acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Chih Ming Wong is jointly and severally liable with Defendant United Plastics Group Inc.

21.     Upon information and belief, Defendant "John" Zheng (first name unknown)

(hereinafter "Defendant Manager Zheng") is the officer and managing agent of Defendants' business, and participated in the day-to-day operations of Defendant United Plastics Group Inc.

22. Upon information and belief, during Plaintiffs' employment with Defendants, Defendant Manager Zheng supervised them and managed Plaintiffs' attendance.

23. Thus, Defendant Manager Zheng acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Manager Zheng is jointly and severally liable with Defendant United Plastics Group Inc.

24. Upon information and belief, Defendant "John" Huang (first name unknown) (hereinafter "Defendant Manager Huang") is the shareholder, officer, and managing agent of Defendants' business, and participated in the day-to-day operations of Defendant United Plastics Group Inc. Defendant Manager Huang's wife and Defendant Chih Ming Wong's wife are cousins.

25. Upon information and belief, during Plaintiffs' employment with Defendants, Defendant Manager Huang supervised them and handled Plaintiffs' payrolls.

26. Thus, Defendant Manager Huang acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Manager Huang is jointly and severally liable with Defendant United Plastics Group Inc.

27. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendant United Plastics Group Inc.

28. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs' lawfully earned basic minimum hourly wages and overtime compensation, in violation of the NJWHL.

29.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and conditions have been waived.

## STATEMENT OF FACTS

30.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

31.    Defendants knew that the failure to pay overtime compensation would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

32.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Zhang and similarly situated employees at least the New Jersey minimum wage for each hour worked.

33.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

34.    While employed by Defendants, Plaintiff Zhang was not exempt under federal and state laws requiring employers to pay employees overtime.

35.    While employed by Defendants, Plaintiff Xue was not exempt under federal and state laws requiring employers to pay employees overtime.

36.    Upon information and belief, Defendant United Plastics Inc has twenty-four (24) employees at the time Plaintiffs were working there.

37.    Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

### *Plaintiff Ruijuan Zhang*

38.    From May 2, 2023, to September 1, 2024, Plaintiff Zhang was hired by Defendants

6

to work as a production worker for Defendants' business located at 30 Commerce Drive, Somerset, NJ 08873.

39.     Upon information and belief, Plaintiff Zhang's job duties included, but were not limited to manufacturing plastic lunch boxes, packing lunch boxes into cartons, and packaging products.

40.     Upon information and belief, Plaintiff Zhang worked 5 days a week with Thursday and Sunday off throughout her employment. During the workday, Plaintiff Zhang worked the night shift from 6:40 p.m. to 6:50 a.m. in Defendants' factory. During the workday, Plaintiff Zhang had a half (0.5) hour uninterrupted meal break.

41.     Thus, Plaintiff Zhang worked for approximately fifty-eight point three three (58.33) hours per week.

42.     Upon information and belief, Plaintiff Zhang was paid at a fixed rate of $3,700 per month, regardless of how many hours she worked. From May 2, 2023, to February 10, 2024, she was paid bi-weekly in check and cash; from February 11, 2024 to September 1, 2024, she was paid monthly in check and cash.

43.     At all relevant times, Defendants never counted or compensated Plaintiff Zhang for overtime wages according to federal and state laws.

44.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff Zhang and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in their native language.

45.    Defendants committed the foregoing acts against Plaintiff Zhang, and the FLSA Collective Plaintiffs.

***Plaintiff Dongsuo Xue***

46.    From May 2, 2023, to February 10, 2024, Plaintiff Xue was hired by Defendants to work as a forklift operator for Defendants' business located at 30 Commerce Drive, Somerset, NJ 08873.

47.    Upon information and belief, Plaintiff Xue's job duties included, but were not limited to operating forklifts, moving boxes, and loading and unloading goods.

48.    Upon information and belief, Plaintiff Xue worked 5 days a week with Thursday and Friday off throughout his employment. During the workday, Plaintiff Xue worked the night shift from 6:40 p.m. to 6:50 a.m. in Defedants' factory. During the workday, Plaintiff Xue had a half (0.5) hour uninterrupted meal break.

49.    Thus, Plaintiff Xue worked for approximately fifty-eight point three three (58.33) hours per week.

50.    Upon information and belief, Plaintiff Xue was paid at a fixed rate of $3,900 per month, regardless of how many hours he worked. From May 2, 2023, to February 10, 2024, he was paid bi-weekly in check and cash.

51.    At all relevant times, Defendants never counted or compensated Plaintiff Xue for overtime wages according to federal and state laws.

52.    At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff Xue and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages,

any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in their native language.

53.     Defendants committed the foregoing acts against Plaintiff Xue, and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

54.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees at least the New Jersey minimum wage for each hour worked; the FLSA overtime rate (of time and one-half), or the New Jersey State overtime rate (of time and one-half), in violation of the FLSA and NYWHL and the supporting federal and New Jersey State Department of Labor Regulations.

55.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wage and overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

56.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than Twenty (20) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual

9

suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

57.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

58.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

59.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

60.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members minimum wages;

c. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

d. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

61. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

62. Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Failure to Pay Minimum Wages
Brought on behalf of Plaintiff Zhang and the FLSA Collective]**

63. Plaintiff Zhang re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

64. Pursuant to the applicable provisions of the FLSA, Plaintiff Zhang was entitled to the statutory minimum hourly wage for the hours she worked.

11

65.    Defendants knowingly failed to pay Plaintiff Zhang the statutory minimum wage for all of the hours she worked during January 1, 2024 to September 1, 2024.

66.    As a result of Defendants' violations of the law and failure to pay Plaintiff Zhang the required minimum wages, Plaintiff Zhang has been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

67.    As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff Zhang is entitled to liquidated damages.

## COUNT II

### [Violations of the NJWHL—Failure to Pay Minimum Wages Brought on behalf of Plaintiff Zhang and the FLSA Collective]

68.    Plaintiff Zhang re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69.    Pursuant to the applicable provisions of the N.J.S.A. 34:11-56a (4), Plaintiff Zhang was entitled to the statutory minimum hourly wage for the hours she worked.

70.    Defendants knowingly failed to pay Plaintiff Zhang the statutory minimum wage for all of the hours she worked during January 1, 2024 to September 1, 2024.

71.    As a result of Defendants' violations of the law and failure to pay Plaintiff Zhang the required minimum wages, Plaintiff Zhang has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

## COUNT III

### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Wages Brought on behalf of Plaintiffs and the FLSA Collective]

72.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

12

73.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

74.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

75.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pays violated the FLSA.

76.     Here, Plaintiff Zhang worked around fifty-eight point three three (58.33) hours per week from May 2, 2023, to September 1, 2024. At all relevant times, Plaintiff Zhang was paid at a fixed rate of $3,700 per month, regardless of how many hours she worked. Defendants never counted or compensated Plaintiff Zhang for her work in excess of Forty (40) hours.

77.     Plaintiff Xue worked around fifty-eight point three three (58.33) hours per week from May 2, 2023, to February 10, 2024. At all relevant times, Plaintiff Xue was paid at a fixed rate of $3,900 per month, regardless of how many hours he worked. Defendants never counted or compensated Plaintiff Xue for his work in excess of Forty (40) hours.

78.     Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

79.     The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

80.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

81.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the FLSA Collective the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiffs and Collective Action members. Therefore, Plaintiffs and the FLSA collection shall recover from Defendants their unpaid overtime wages, and in an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest.

## COUNT IV

### [Violations of the NJWHL— Failure to Pay Overtime Wages Brought on behalf of Plaintiffs and the FLSA Collective]

82.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

83.     NJWHL 12:56-6.1 provides that, for each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her employees, wages at a rate of not less than 1 and ½ times such employee's regular hourly wage.

84.     Defendants' failure to pay Plaintiffs their overtime wages required by law violated the NJWHL.

14

85.    Here, as discussed above, Plaintiff Zhang worked around fifty-eight point three three (58.33) hours per week from May 2, 2023, to September 1, 2024. At all relevant times, Plaintiff Zhang was paid at a fixed rate of $3,700 per month, regardless of how many hours she worked. Defendants never counted or compensated Plaintiff Zhang for her work in excess of Forty (40) hours.

86.    Plaintiff Xue worked around fifty-eight point three three (58.33) hours per week from May 2, 2023, to February 10, 2024. At all relevant times, Plaintiff Xue was paid at a fixed rate of $3,900 per month, regardless of how many hours he worked. Defendants never counted or compensated Plaintiff Xue for his work in excess of Forty (40) hours.

87.    Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the NJWHL.

88.    The NJWHL and supporting regulations required employers to notify employees of employment law requirements. NJWHL 8:43E-8.6 et seq.

89.    Defendants willfully failed to notify Plaintiffs of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and the FLSA Collective's labor.

90.    Defendants knowingly and willfully disregarded the provisions of the NJWHL as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiffs. Therefore, Plaintiffs shall recover from Defendants their unpaid overtime wages, and in an additional equal amount as

15

liquidated damages, plus costs and reasonable attorney's fees and the costs of this action, including interest.

## Jury Trial Demand

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

## Prayer For Relief

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective, respectfully request that this court enter a judgment providing the following relief:

a)      Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the court issues such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e)      An injunction against Defendants, their officers, agents, successors, employees,

16

representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)	An award of unpaid minimum wages due under FLSA and NJWHL, whichever is greater;

g)	An award of unpaid overtime wages due under FLSA and NJWHL, whichever is greater;

h)	An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wage pursuant to 29 U.S.C. §216 and NJWHL;

i)	An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime wage pursuant to 29 U.S.C. §216 and NJWHL;

j)	An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL 34:11-56a25;

k)	The cost and disbursements of this action;

l)	An award of prejudgment and post-judgment fees;

m)	Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York                     HANG & ASSOCIATES, PLLC.

March 17, 2025                                By: */s/ Yubo Li*

Yubo Li, Esq.
136-18 39th Avenue, Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
yli@hanglaw.com
*Attorneys for Plaintiffs and FLSA Collective*