## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RUIJAN ZHANG, and DONGSUO XUE,    :
Individually and on behalf of all other    :
employees similarly situated,    :
    Plaintiff,    :

    : Case No.: 3:25-CV-01926-MAS-JTQ

v.    :

    :
UNITED PLASTIC GROUP INC.,    : **DEFENDANTS' ANSWER**
CHIH MING WONG a/k/a ZHIMING    : **TO COMPLAINT**
HUANG, "JOHN" ZHENG (first name    :
unknown), and "JOHN" HUANG (first    :
name unknown),    :

    :

    :
    Defendants.    :

    :

Defendants United Plastic Group, Inc. ("UPG") Chih Ming ("Peter") Wong a/k/a, Zhiming Huang, "John" Zheng and "John" Huang, as and for their Answer to the Complaint, answer as follows:

## INTRODUCTION

1.    As this is a legal allegation and not factual, these Defendants make no answer.

2.    Deny.

3.    As this is a legal allegation and not factual, these Defendants make no answer.

4.    As this is a legal allegation and not factual, these Defendants make no answer.

1

## JURISDICTION AND VENUE

5.     As this is a legal allegation and not factual, these Defendants make no answer.

6.     As this is a legal allegation and not factual, these Defendants make no answer.

## PLAINTIFFS

7.     Defendants make no answer as Defendants have no knowledge of what Plaintiff signed for consent.

8.     Admit.

9.     Admit.

10.    Defendants have insufficient information to either admit or deny Plaintiffs' residence.

11.    Defendants make no answer as Defendants have no knowledge of what Plaintiff signed for consent.

12.    Admit.

13.    Admit.

14.    Defendants have insufficient information to either admit or deny Plaintiffs' residence.

## DEFENDANTS

15.    Admit.

16.    Defendant UPG admits gross sales in excess of $500,000 per year. Defendant UPG objects to this allegation as to an amount of gross sales.

17.    Admit.

18.    Admit Wong is an owner, ceo, but deny managing agent. Deny participation in "day-to-day operations."

19.    Deny.

20.    Deny.

21.    Deny Zheng is an officer or managing agent. Deny participation in "day-to-day" operations."

22.    Deny.

23.    Deny.

24.    Admit "John" Haung was the general manager. Deny he was a shareholder or officer.

25.    Admit supervision. Deny balance.

26.    Deny.

27.    Deny.

28.    Deny.

29.    As this is a legal allegation and not factual, Defendants make no answer.

## STATEMENT OF FACTS

30.    Deny.

31.    Deny that Defendants failed to pay Plaintiff Zhang and other employees at least New Jersey minimum wage.

32.    Deny that Defendants failed to pay Plaintiff Zhang and other employees at least New Jersey minimum wage.

33.    Deny.

34.    Admit.

3

35. Admit.

36. Admit approximately 24 employees.

37. Deny.

38. Admit times and locations. Deny Zhang was a "production" worker.

39. Deny Zhang manufactured boxes. Admit Zhang packed lunch boxes into cartons.

40. Admit 5 days. Deny times. Deny only one break. Plaintiff Zhang had one meal break and two other breaks.

41. Deny.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny Xue was hired as a forklift operator.

47. Admit Xue's job duties involved moving boxes. Deny balance.

48. Admit 5 days. Deny times. Deny only one break. Plaintiff Xue had one meal break and two other breaks.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

## COLLECTIVE ACTION ALLEGATIONS

54.    Deny.

55.    As this is a legal allegation and not factual, Defendants make no answer.

56.    As this is a legal allegation and not factual, Defendants make no answer.

57.    As this is a legal allegation and not factual, Defendants make no answer.

58.    As this is a legal allegation and not factual, Defendants make no answer.

59.    As this is a legal allegation and not factual, Defendants make no answer.

60.    As this is a legal allegation and not factual, Defendants make no answer.

61.    As this is a legal allegation and not factual, Defendants make no answer.

62.    Deny.

## STATEMENT OF CLAIM
## COUNT I

63.        Defendants repeat and reallege their answers to paragraphs 1 through 62 as if fully set forth at length herein.

64.    Deny.

65.    Deny.

66.    Deny.

67.    Deny.

## COUNT II

68.    Defendants repeat and reallege their answers to paragraphs 1 through 67 as if fully set forth at length herein.

69.    As this is a legal allegation and not factual, the Defendants make no answer.

70.    Deny.

71.    Deny.

## COUNT III

72.    Defendants repeat and reallege their answers to paragraphs 1 through 71 as if fully set forth at length herein.

73.    As this is a legal allegation and not factual, the Defendants make no answer.

74.    As this is a legal allegation and not factual, the Defendants make no answer.

75.    Deny failure to pay.

76.    Deny.

77.    Deny.

78.    Deny.

79.    As this is a legal allegation and not factual, the Defendants make no answer.

80.    Deny.

81.    Deny.

## COUNT IV

82.    Defendants repeat and reallege their answers to paragraphs 1 through 81 as if fully set forth at length herein.

83.    As this is a legal allegation and not factual, the Defendants make no answer.

84.    Deny failure to pay.

85.    Deny.

86.    Deny.

87.    Deny.

88.    As this is a legal allegation and not factual, the Defendants make no answer.

89.    Deny.

90.    Deny.

WHEREFORE, these Defendants request dismissal, counsel fees and costs of suit.

## SEPARATE DEFENSES

AS AND FOR A FIRST SEPARATE DEFENSE
The Complaint fails to state a claim for relief.

AS AND FOR A SECOND SEPARATE DEFENSE
The Complaint is barred by the doctrine of unclean hands.

AS AND FOR A THIRD SEPARATE DEFENSE
The Complaint was filed beyond the applicable Statute of limitations.

AS AND FOR A FOURTH SEPARATE DEFENSE
Plaintiff's claims are de minimis.

AS AND FOR A FIFTH SEPARATE DEFENSE
The court does not have personal jurisdiction over UPG, Wong, Zheng and Huang because of improper service.

AS AND FOR A SIXTH SEPARATE DEFENSE
Plaintiff's damages, if any, were proximately caused by their own acts and/or omissions.

AS AND FOR AN SEVENTH SEPARATE DEFENSE
The claims arising out of the subject matter, transactions and occurrences alleged in the Complaint are barred by the doctrine of laches.

AS AND FOR A EIGHTH SEPARATE DEFENSE
Plaintiff's claims are barred by the doctrine of waiver.

AS AND FOR A NINTH SEPARATE DEFENSE
Plaintiff's claims are barred by the doctrine of accord and satisfaction.

AS AND FOR A TENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

Date:  April 8, 2025

By:/s/ Evelyn A. Donegan EAD 040481983
EVELYN A. DONEGAN, ESQ.
RUBIN, KAPLAN & ASSOCIATES
ATTORNEYS FOR PLAINTIFF
200 Centennial Avenue, Suite 110
Piscataway, New Jersey 08854
732-463-7511
edonegan@rkalaw.com (Email)

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither plaintiff nor plaintiff's attorney is aware of any other action pending in any court, or any pending arbitration or administrative proceeding, to which this matter is subject.

Date:  April 8, 2025

By:/s/ Evelyn A. Donegan EAD 040481983
EVELYN A. DONEGAN, ESQ.
RUBIN, KAPLAN & ASSOCIATES
ATTORNEYS FOR PLAINTIFF
200 Centennial Avenue, Suite 110
Piscataway, New Jersey 08854
732-463-7511
edonegan@rkalaw.com (Email)

8